

Michele Paige
13223 Haldane Alley
Orlando, FL 32827
347.827.8579
dbnaetal@gmail.com
September 17, 2025

       In re:     *Paige v. Digital Business Networks Alliance, Inc. et al*
                    No. 7: 24-cv-03169-KMK
                    Fifth Motion to Recuse



Hon. Kenneth M. Karas
U.S. District Court
Southern District of New York
300 Quarropas St., Chambers 533
White Plains, NY 10601

Dear Judge Karas:

Even if we were to assume, for the sake of argument, that all of your decisions in this case have been 100% correct, you must be recused; thus, my Motions to Recuse have nothing whatsoever to do with the merits of your decisions. Strangely, however, you continue to insist – contrary to all evidence – that my Motions to Recuse are based upon some unspecified disagreement with your decisions. *See, e.g.*, Memo Endorsements (Dkt. #169, 166); *but cf.* Petition (Dkt. #133), p. 18 ("Nevertheless, I am **NOT** arguing that this Court should infer extrajudicial bias from the Respondent's decisions alone; rather, I am arguing that this Court must infer, at the very least, the appearance of extrajudicial bias from his **opinions** and/or *from the process* that this Respondent used to reach his decisions."). *See also In re International Business Machines Corp.*, 618 F.2d 923, 928 n. 6 (2nd Cir. 1980) [emphasis added; italics in original].

More specifically, I presented *extrajudicial* evidence of your extrajudicial prejudice in the form of your prior opinion at *Johnson v. Stop & Shop Supermarket Co., LLC*, No. 22-cv-9691, 2024 WL 1217074 (S.D.N.Y. March 21, 2021) (J. Karas). **Your** prior opinion in an unrelated case is, by definition, extrajudicial evidence because it's not something that you said or wrote **in this case**. In *Johnson*, you wrote: "Although she asked only to be transferred to a different department within the Danbury Store, Plaintiff was placed on involuntary paid leave and then—over her objections— transferred to different Stop & Shop supermarkets, first in Connecticut and then in New York." *Id.* at *2.

Thus, between *Johnson* and my case, you have held that a woman cannot sue her individual employer in the state to which she was involuntarily transferred to a defendant-owned location **AND** that a woman cannot sue her corporate employers in the state in which she began working at her own home or business. In other words, the only commonality between these two (2) cases is **that women always lose in your courtroom**. That, at the very least, creates the appearance of

1

gender animus, and the mere appearance of impropriety is all that's required for recusal. *See, e.g., Apple v. Jewish Hosp. and Medical Cntr.*, 829 F.2d 326, 333 (2nd Cir. 1987) ("...[T]he substantive standard for recusal is whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned.").

Quite simply, the facts of these two (2) cases, *Johnson* and my case, are so wildly dissimilar that it's difficult to imagine how or why anyone would think that your decision in *Johnson* controls here, but it's **YOU**, not I, who insists that your prior ruling in *Johnson* controls your ruling in this case. *See* Opinion (Dkt. #100), pp. 11, 13, 18. Thus, the fact that the plaintiffs' gender is the only common fact in both cases is alarming. The standard for recusal, however, is much lower. *See, e.g., Apple v. Jewish Hosp. and Medical Cntr.*, 829 F.2d 326, 333 (2nd Cir. 1987).

Although you and I have our disagreements, I have done everything in my power to comply with both the letter and the spirit of your rulings and Individual Rules; consequently, I respectfully submit that I need briefing to fully document my allegations, but – to the extent that I must present my argument via letter, rather than written motion – I have. The standard here is that you must demonstrate that no reasonable person would doubt your impartiality after reading both of your decisions.

And, quite simply, that's impossible. Either you have implicitly held that female employees cannot sue their employers under specific jurisdiction (because the female plaintiff in *Johnson* was not a remote employee while I was) or you have held that female employees cannot sue under specific jurisdiction in the state to which they were transferred (*Johnson*) or in the state in which they were hired and began working (my case). That is, there's no rational basis to justify your decisions in both cases because the only common fact between your two (2) decisions is the plaintiffs' gender.

Even assuming arguendo that you have some explanation for your decisions, it's too little, too late. The "decision" that triggered my allegations is more than six (6) months old, and you've declined opportunity after opportunity to rectify the situation. Now, there are two (2) matters pending in the Second Circuit. *See* Dkt. #133, 173. Even as a matter of judicial economy, your continued presence in this case is a needless waste of judicial resources. It's almost unimaginable that we're 173 filings, eighteen (18) months, and two (2) Second Circuit matters into this case without any discovery or even an Answer because you are simply unwilling or unable to explain the obvious contradiction that I first pointed out more than six (6) months ago, but here we are.

Quite simply, why should I be able to sue these Defendants in Florida, a state to which they claim to have even fewer and less substantial ties than New York, if I can't sue them in New York? *See* Notice of Removal (Dkt. #12). And if I can't sue them in either New York or Florida, then what state has specific jurisdiction over this case? Your steadfast inability and failure to answer these obvious questions in a manner that reconciles your conflicting opinions in *Johnson* and here requires your recusal regardless of the merits of your decisions.

Therefore, the issue in this Motion, and in this case, is **NOT** whether or not you got it right; the issue is whether or not you should continue to participate in this case given your apparent bias against women that you either cannot or will not explain or justify and that I demonstrated through

your statements and actions in matters outside of this case (namely, your opinion in a prior unrelated case).

WHERERFORE, I respectfully request that this Court recuse itself or grant me an opportunity to brief the issue.

Respectfully submitted,

/s/Michele Paige

Michele Paige
Plaintiff, *pro se*

Motion to recuse is again denied. Plaintiff has again failed to point to any conduct by the Court that calls for recusal. Citing the Court's decisions in other, unrelated cases and expressing disagreement with those decisions does not justify recusal. The Clerk is respectfully directed to mail this document to Plaintiff.

So Ordered.

10/6/25

3



Envelope:

From: 13223 Mallanahy, Orlando FL 32827

To: Pro Se Intake Clerk
US District Court, Southern District of New York
300 Quarropas St
White Plains NY 10601

Stamps: RECEIVED SEP 29 2025 PRO SE OFFICE; RECEIVED SEP 29 2025 U.S.D.C. W.P.; USMS SDNY; MID-ISLAND NY 117, 25 SEP 2025 PM 7 L