Plaintiff's requests for discovery are, again, denied pending resolution of Defendants' Motion to Dismiss. The Clerk of Court is respectfully directed to close the pending motions at Dkt. Nos. 176 and 181.

SO ORDERED.

1/20/2026

Michele Paige
13223 Haldane Alley
Orlando, FL 32827
347.827.8579
dbnaetal@gmail.com
December 31, 2025

In re:    *Paige v. Digital Business Networks Alliance, Inc. et al*
No. 7: 24-cv-03169-KMK
2nd Notice of Writ of Mandamus

Hon. Kenneth M. Karas
U.S. District Court
Southern District of New York
300 Quarropas St., Chambers 533
White Plains, NY 10601

Dear Judge Karas:

As this case enters its ***third*** year after accumulating a twenty-one (21) page docket filled with 181 court filings and two (2) appellate court actions without making any progress whatsoever on anything (no Answer, no substantive decisions other than a now moot opinion at Dkt. 100, and no discovery) and with a key witness apparently dead or otherwise unavailable and with many (most?) documents lost (as many (most?) emails were stored on third party email accounts), what in the world are you doing? I file motion after motion for discovery, and I'm simply ignored. I had to file the last document nine (9) times before the court finally docketed it. *See, e.g.,* Dkt. #180.

In 800 years of Anglo-American jurisprudence, has anyone else needed years of litigation to decide personal jurisdiction ***at the trial court level and without discovery***?

In 800 years of Anglo-American jurisprudence, has anyone else held that an employment agreement cannot be enforced in the jurisdiction in which it was made?

Strangely, you and your co-counsel cited hundreds of cases – none of which involved any employment agreement that could not be enforced in the jurisdiction in which it was made and none of which involved years of litigation over personal jurisdiction ***at the trial court level and without discovery.***

In other words, either this case is completely unprecedent in recorded human history (by law and custom, all alleged precedent prior to the arrival of the Black Death in England is disregarded as inherently unreliable), or you're lying and discriminating against me.

If it's the former, wouldn't discovery help resolve a case without parallel? If the latter, you must go.

1

Quite simply, it's an absolute disgrace that we're in the third year of a case in which you have done ***ABSOLUTELY NOTHING*** of substance. If you're so busy that you need ***YEARS*** to do anything, you should recuse.

Regardless, let's get moving. Your colleagues manage to complete their cases in about 432 days on average. You're at 685 days, and you've done ***absolutely nothing to resolve this case***! Meanwhile, key witnesses have died or disappeared, documents have been lost, but ***NOTHING GETS DONE***. You don't even bother to address the vital need to preserve evidence.

The Second Circuit required me to "exhaust" my alternatives, so I will continue exhausting them until I can file another Petition.

If I'm right, then what you've done is beyond shameful. If I'm wrong, it's pretty strange that you can't seem to figure out why I'm wrong after 685 days. Stranger still that all anybody can muster in your defense is that I haven't proven you're a liar and a bigot beyond any doubt. Well, that's certainly reassuring. Everybody's comforted to know that federal judges may be liars and bigots, but there's still some doubt about it. I suppose as long as there's a chance they're honest and non-bigoted, we can all sleep well at night.

To borrow a phrase, "Have you no sense of decency, sir, at long last? Have you left no sense of decency?" How can you continue in a case in which the best that can be said about your performance is that it leaves neutral federal appellate court judges with some doubt regarding your dishonesty and bigotry? That they think you might be innocent? How is that good enough for you? For anyone?

And if you can continue, what are you waiting for? Whether a New York employment agreement can be enforced in New York's courts isn't a difficult or novel question – you don't need 685 days to answer it, and – if you do – you need discovery to clarify whatever factual issue remains. You've handled this case in such a careless and slipshod manner that you didn't even bother to learn if the Federal Reserve's recordings of the Defendants' Board meetings unambiguously resolve all the factual issues in this case because why use facts when you can do nothing instead?

There's no excuse for further delay, particularly where – as here – your own case requires you to transfer this case to wherever you believe New York employment agreements should be litigated (assuming you're correct that they can't be litigated in New York). *Doe v. McAdam Fin. Grp. LLC,* No. 22-CV-113, 2022 WL 3579700, at *1 (S.D.N.Y. Aug. 3, 2022) ("Jane Doe 1 ('Doe') sued McAdam Financial Group LLC ('McAdam Financial') and its former employee Charles Norfleet ('Norfleet') after Norfleet raped her the night after a company-sponsored outing at local bars in Boston, Massachusetts. Both Defendants move to dismiss Doe's complaint for lack of personal jurisdiction, improper venue, and failure to state a claim. Alternatively, Defendants move that the case be transferred to the District of Massachusetts. I recommend that the Court transfer the case to the District of Massachusetts.").

2

Respectfully submitted,

/s/Michele Paige

Michele Paige
Plaintiff, *pro se*