Michele Paige
13223 Haldane Alley
Orlando, FL 32827
347.827.8579
dbnaetal@gmail.com
January 24, 2026

   In re:   Paige v. Digital Business Networks Alliance, Inc. et al
         No. 7: 24-cv-03169-KMK
         10th Motion to Recuse

Hon. Kenneth M. Karas
U.S. District Court
Southern District of New York
300 Quarropas St., Chambers 533
White Plains, NY 10601

Dear Judge Karas:

In accordance with the Second Circuit's instructions in this case, I am continuing to exhaust my alternatives.

Therefore, I must note that we have been debating the legal consequences of the following sentence found on page 19 of your Decision and Order (Dkt. #100) for nearly two years now:

> "Here, however, while the Plaintiff alleges that she was in New York for the negotiation and execution of the quasi-contract, and that she performed work under that contract in New York, Plaintiff offers no **support** for the notion that Defendants 'hired [Plaintiff] knowing that she would live and work in [New York]. *Williams v. Preeminent Protective Servs., Inc., 81 F. Supp. 3d 265, 271 (E.D.N.Y. 2015);...'" [emphasis added].*

This is a brazenly fraudulent citation. Note the actual citation: "Defendants hired her knowing that she would live and work in Brooklyn, and 'continued their communications with plaintiff here' for a sustained period of time, thereby engaging in the kind of 'independent activities' " in the state that render long-arm jurisdiction appropriate." *Id.*

Thus, you simply lied. You cannot replace the word "Brooklyn" with the words "New York" without conceding that parties are deemed to know that Brooklyn is in New York whether they actually know that Brooklyn is in New York or not. Are we really supposed to believe that people are deemed to know that Brooklyn is in New York, but are free to feign ignorance of the fact that Queens is in New York? Because Queens, Ohio is so famous? Are we really going to develop a jurisprudence of which New York cities and towns are sufficiently well-known so as to justify presuming non-New Yorkers know that they are New York? And are we really going to say that Queens is on the wrong side of that imaginary line?

1

Long and short, YOU LIED. You willfully, deliberately and maliciously doctored a quote to force it to say the OPPOSITE of what it actually says.

And you further doctored the quote to omit the part of the quote that specifically stated IMPUTED knowledge plus communication is sufficient for jurisdiction. Gee, I wonder why?

Because the only evidence of the defendant's "knowledge" in the case that YOU cited was that defendant's phone calls and emails, the very evidence that YOU deemed insufficient in this case! *Williams v. Preeminent Protective Servs., Inc.,* 81 F. Supp. 3d 265, 272 (E.D.N.Y. 2015) ("While defendants may not have sought a unique benefit when they transacted business in New York, they nevertheless 'availed' themselves of the forum when they hired plaintiff to conduct their marketing and communications while she lived in Brooklyn, which satisfies the requirements of the state's long-arm statute."); *but cf.* Order (Dkt.#100), p. 19 ("To the extent Plaintiff argues that Defendants' communications with her while in New York establish specific jurisdiction, courts have held that communications alone are not enough to constitute the transaction of business."). Can any honest person think that hiring someone in Queens, rather than Brooklyn, to manage their finances, rather than their marketing, wouldn't fit that standard?

Thus, you are a liar and not a very good one; you must be recused. *See, e.g., Apple v. Jewish Hosp. and Medical Cntr.,* 829 F.2d 326, 333 (2nd Cir. 1987) ("…[T]he substantive standard for recusal is whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned.").

And, contrary to your claims, there's never been any suggestion that your lies and sexist statements made in the case at issue are thereby immunized or inadmissible or insufficient. *See, e.g., Liteky v. U.S.,* 510 U.S. 540, 551, 114 S.Ct. 1147, 127 L.Ed. 2d 474 (1994) ("It is wrong in theory, though it may not be too far off the mark as a practical matter, to suggest, as many opinions have, that 'extrajudicial source' is the *only* basis for establishing disqualifying bias or prejudice. It is the only *common* basis, but not the exclusive one, since it is not the *exclusive* reason a predisposition can be wrongful or inappropriate.") [emphasis in original].

This isn't about any substantive disagreement; this is about your LIES, and your constant references to me using sexist slurs, and your decisions to rule based upon those sexist slurs, even assuming arguendo that you didn't intend or understand your sexist slurs.

Respectfully submitted,

/s/Michele Paige

Michele Paige
Plaintiff, pro se

All Motions to Recuse are denied. Plaintiff may disagree with the Court's rulings, but that is not a reason for this Court to recuse.

So Ordered.

1/29/26

2